IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | |
|---|---|
| EARL TYSON; ANNETTE TYSON; LINDA GUABELLY; AMANDA ACTON; EMILY ACTON; BANKS COUNTY GOLF, LLC; AND GREEN RIDGE BUILDERS OF GEORGIA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF HOMER, GEORGIA; HOMER, GEORGIA TOWN COUNCIL; DOUG CHEEK, INDIVIDUALLY AND AS MAYOR OF THE TOWN OF HOMER, GEORGIA; DAVID DUNSON, INDIVIDUALLY AND AS COUNCIL MEMBER OF THE TOWN OF HOMER, GEORGIA; CLIFF HILL, INDIVIDUALLY AND AS COUNCIL MEMBER OF THE TOWN OF HOMER, GEORGIA; JAMES DUMAS, INDIVIDUALLY AND AS COUNCIL MEMBER OF THE TOWN OF HOMER, GEORGIA; SANDRA GARRISON, INDIVIDUALLY AND AS COUNCIL MEMBER OF THE TOWN OF HOMER, GEORGIA; JERRY W. PAYNE, INDIVIDUALLY AND AS COUNCIL MEMBER OF THE TOWN OF HOMER, GEORGIA; CAROL AYERS, INDIVIDUALLY AND AS CLERK OF THE TOWN OF HOMER, GEORGIA; | CIVIL ACTION FILE NO.:<br><br>_____ |

BANKS COUNTY BOARD OF          )
ELECTIONS; ANDRA PHAGAN, AS    )
BANKS COUNTY, GEORGIA          )
ELECTION SUPERVISOR AND        )
REGISTRAR; AND JOHN DOES 1-10, )
                               )
     Defendants.               )
                               )
                               )

---

## COMPLAINT

COME NOW Plaintiffs and respectfully submit the following as their Complaint:

### PARTIES, JURISIDICTION AND VENUE

### Individual Plaintiffs

1.

Earl Tyson is an individual, resident and voter in the Town of Homer, Banks County, Georgia.

2.

Annette Tyson is an individual, resident and voter in the Town of Homer, Banks County, Georgia.

3.

Linda Guabelly is an individual, resident and voter in the Town of Homer, Banks County, Georgia.

4.

Amanda Acton is an individual, resident and voter in the Town of Homer, Banks County, Georgia.

5.

Emily Acton is an individual, resident and voter in the Town of Homer, Banks County, Georgia.

**Business Plaintiffs**

6.

Plaintiff Banks County Golf, LLC is a Georgia limited liability company which conducts business and owns land in the Town of Homer, Banks County, Georgia.

7.

Plaintiff Green Ridge Builders of Georgia, LLC is a Georgia limited liability company which conducts business and owns land in the Town of Homer, Banks County, Georgia.

8.

The Individual Plaintiffs are, respectively, residents and voters in proposed District 3 of the Town of Homer, Banks County, Georgia.

9.

The Business Plaintiffs are owners of land sought to be sold to approximately three hundred (300) prospective residents and voters in proposed District 3 of the Town of Homer, Banks County, Georgia.

10.

Earl Tyson and Annette Tyson are African-American.

11.

Amanda Acton and Emily Acton are female heads of household.

**Defendants**

12.

Defendants are respectively, the Town of Homer,[1] Georgia officials, and Banks County officials in charge of elections in Homer, Banks County, Georgia.

---

[1] The Homer Defendants call Homer the "Town of Homer" and the City Council the "Town Council," despite the 2004 and 2020 local legislation to the contrary. Plaintiffs consent to a renaming of the Homer Defendants to "City" rather than "Town" if what the Homer Defendants call themselves to the public is inaccurate. See https://www.townofhomerga.com/

13.

The individually named Defendants are natural persons and are named in both their official and individual capacities.

14.

Defendant Town of Homer, Georgia is a municipal corporation located in Banks County, Georgia, and is subject to the jurisdiction and venue of this Court. The Town of Homer may be served by serving The Honorable Doug Cheek, Mayor of The Town of Homer, Georgia, 943 Historic Homer Hwy, Homer, Georgia 30547.

15.

Defendant Homer, Georgia Town Council is the governing body for the Town of Homer, Georgia. Homer Town Council may be served by serving Mayor Doug Cheek or his designee.

16.

Defendant Doug Cheek, individually and as Mayor of the Town of Homer, Georgia, is subject to the jurisdiction and venue of this Court. Cheek may be served with process at 943 Historic Homer Hwy, Homer, Georgia 30547, or wherever he may be found.

17.

Defendant David Dunson, individually and as council member of the Town of Homer, Georgia, is subject to the jurisdiction and venue of this Court. Dunson may be served with process at 943 Historic Homer Hwy, Homer, Georgia 30547, or wherever he may be found.

18.

Defendant Cliff Hill, individually and as council member of the Town of Homer, Georgia, is subject to the jurisdiction and venue of this Court. Hill may be served with process at 943 Historic Homer Hwy, Homer, Georgia 30547, or wherever he may be found.

19.

Defendant James Dumas, individually and as council member of the Town of Homer, Georgia, is subject to the jurisdiction and venue of this Court. Dumas may be served with process at 943 Historic Homer Hwy, Homer, Georgia 30547, or wherever he may be found.

20.

Defendant Sandra Garrison, individually and as council member of the Town of Homer, Georgia, is subject to the jurisdiction and venue of this Court.

6

Garrison may be served with process at 943 Historic Homer Hwy, Homer, Georgia 30547, or wherever she may be found.

21.

Defendant Jerry W. Payne, individually and as council member of the Town of Homer, Georgia, is subject to the jurisdiction and venue of this Court. Payne may be served with process at 943 Historic Homer Hwy, Homer, Georgia 30547, or wherever he may be found.

22.

Defendant Carol Ayers, individually and as Defendant Clerk of the Town of Homer, Georgia, is subject to the jurisdiction and venue of this Court. Ayers may be served with process at 943 Historic Homer Hwy, Homer, Georgia 30547, or wherever she may be found.

23.

Defendant Banks County Board of Elections handles Homer's municipal elections after qualifying, and is subject to the jurisdiction and venue of this Court. Banks County Board of Elections may be served with process by serving Andra Phagan or her designee, at 226 Candler Street, Homer, Georgia 30547.

24.

Defendant Andra Phagan, individually and as Election Supervisor for Banks County Board of Elections and Registrar, is subject to the jurisdiction and venue of this Court. Phagan may be served with process at 226 Candler Street, Homer, Georgia 30547, or wherever she may be found.

25.

Defendants John Does 1 through 10 are additional officials acting under color of law who participated in the violation of Plaintiffs' and District 3 voters' rights, whom Plaintiffs intend to seek to add as Defendants in light of further investigation and discovery.

26.

Jurisdiction and venue are proper in this Court. This case presents federal questions and claims against parties located in Homer, Banks County, Georgia. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1357; and 42 U.S.C. §§ 1983 and 1988.

27.

This Court has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

28.

This Court has supplemental jurisdiction over Plaintiffs' state constitutional claim under 28 U.S.C. § 1367.

29.

Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

### Homer's Town Council Election History

30.

Homer has approximately 1,200 residents and approximately 800 voters.

31.

Homer has had five Town Council seats and a Mayor since at least 2004, pursuant to the Town of Homer Charter, enacted in 2004 Ga. Laws 4033. See Exhibit "A."

32.

The Homer Charter provides for election by a plurality of voters.

33.

District 3, as a newer residential subdivision near a golf course, is a large and geographically compact group of voters.

9

34.

District 3 has more numerosity and diversity of race, national origin, and language.

35.

Districts 1 and 2 have proportionally more Caucasian or white voters than District 3.

36.

All of the individually named Defendants are Caucasian or white.

**2020 Changes to the Homer Town Council**

37.

In 2020, the Homer Defendants sought and achieved changes in Homer's Town Council districts.

38.

Through 2020 Ga. Laws 3939, the Homer Defendants changed the Town Council representation to having two seats for District 1, two seats for District 2, and only one seat for District 3. See Exhibit "B."

39.

This change occurred 10 years after the 2010 census.

10

40.

This change occurred despite the growing number of residents and voters in District 3.

41.

The Homer Defendants intend to apply this election scheme to the 2021 municipal elections for Homer.

42.

The Homer Defendants' changes result in Districts 1 and 2 having double the representation on the Town Council compared to District 3.

43.

The electorate for all three districts is At-Large, or citywide.

44.

The Homer Defendants requested that the local legislative delegation use the new 2020 district method, of having two representatives each for Districts 1 and 2 and one representative for District 3.

45.

2020 Ga. Laws 3939 was not signed by all state legislators representing Homer, Georgia and Banks County, upon information and belief.

46.

2020 Ga. Laws 3939 is not the product of the legitimate democratic process in Homer, Georgia.

47.

2020 Ga. Laws 3939 seeks to insulate the Homer Defendants from District 3's voting strength.

48.

Plaintiffs bring their claims against Defendants to restore and secure the right to an equal vote for each voter in municipal government in Homer, Georgia.

49.

The Individual Plaintiffs and other voters in District 3 are entitled to cast a vote that carries equal weight as the votes cast by voters who live in Homer 1 and 2.

50.

The Homer Defendants have wrongfully given unequal greater weight to Districts 1 and 2, over the votes of residents in District 3.

51.

2020 Ga. Laws 3939 unfairly disadvantages the Individual Plaintiffs and District 3 voters at the ballot box and in Homer municipal government.

12

52.

2020 Ga. Laws 3939 gives disproportionate greater weight to the voting strength of Districts 1 and 2 over that of Plaintiffs and District 3.

**Statements from Homer Defendants About the Town Council Changes**

53.

The changes to the Town Council composition were publicized in Homer on March 9, 2021, when the Mayor and Town Council purported to request their local legislative delegation to redistrict based upon the 2020 census.

54.

At the March 9, 2021 Homer Town Council Meeting, citizens questioned the purpose of having one less seat for District 3.

55.

Homer Town Council Member Defendant Dumas responded that it was to keep District 3 from taking over the town. See Exhibit "C."

56.

At the same meeting, Homer's Mayor, Defendant Cheek, stated that citizens unhappy with the districts should "come back and see us ten years from now."

57.

The Homer Defendants also voted to raise their own pay, effective after the 2021 municipal elections.

58.

Homer is located in Georgia House District 28, which has been the subject of multiple voting rights defects recently.

59.

At Homer officials' request, the State Representative for House District 28 was the lead sponsor of the bill that became 2020 Ga. Laws 3939 and diluted District 3's representation on the Town Council.

60.

Instead of enduring ten years of violation of their rights, Plaintiffs request this Court for relief, for both the 2021 Homer municipal elections scheduled for November 2, 2021, and also redistricting pursuant to the 2020 census.

61.

Voting is a fundamental right under the United States Constitution.

62.

The legal doctrine of One-Person, One-Vote is supposed to govern voting districts in Homer.

14

63.

Equal electoral weight and access of voters are fundamental rights under the United States Constitution.

64.

The Homer Defendants' charter amendments in 2020, ten years after the 2010 census, for the 2021 municipal elections, which dilute the voting strength of District 3 voters by granting two seats to Districts 1 and 2 and granting only one seat to District 3, with At-Large/citywide elections, are subject to Strict Scrutiny by this Court.

65.

The dilution of District 3 voting representation in 2020 was accomplished by local legislation requested by the named Homer officials.

66.

The Homer Defendants have discriminated against District 3 voters, in purpose and effect.

67.

The Homer Defendants have engaged in a pattern, practice, custom and/or policy of decreasing District 3 voters' equal rights, compared to that of District 1 and 2 voters.

68.

The Homer Defendants are attempting to perpetuate the violation of District 3 voters' rights for the next ten years.

69.

The Homer Defendants' district map is irregular, and as the United States Supreme Court has held, when it comes to redistricting, appearances matter. See Exhibit "D."

70.

The Homer Defendants' doubling the representation for District 1 and District 2, each over that of District 3 on Homer's Town Council is facially discriminatory, and is objectively unreasonable.

71.

The fact that Defendants have two districts with double the number of Town Council seats as District 3 compounds and multiplies the dilution of District 3's voting rights.

72.

The Homer Defendants have denied proportionality to District 3 voters.

73.

The Homer Defendants have denied Homer Town Council representation to be equally open to District 3 voters.

74.

The Homer Defendants have denied District 3 voters equal access to participation in the political process in Homer.

75.

The Homer Defendants have imposed upon District 3 voters less of an opportunity to participate in the electoral process and to elect representatives of their choice, than voters in Districts 1 and 2.

76.

The Homer Defendants have imposed impediments upon District 3 voters which have the effect of making District 3 likely to be unable to elect representatives to represent District 3, in proportion to their population, on the Homer Town Council.

77.

Individual voters in Homer have a right to equal access and equal opportunity to elect representatives on the Homer Town Council, free of double-weighting two times over of other districts.

17

78.

In addition to admissions by Homer officials concerning the intent to dilute the voting strength of District 3 voters, Homer's At-Large elections, selective Multi-Member districts, and irregularly shaped district map based on outdated 2010 Census data, are red flags for efforts at anti-democratic chicanery, to the detriment of District 3 voters' rights.

79.

The Homer Defendants have implemented a retrogression of Plaintiffs' voting rights.

**Business Plaintiffs**

80.

The Homer Defendants have mistreated Plaintiff Banks County Golf and Green Ridge Builders in other ways, further evidencing Defendants' contempt and hostility to District 3.

81.

Plaintiffs Banks County Golf and Green Ridge Builders are harmed by Defendants' actions, by, *inter alia*, being in the position of selling approximately three hundred (300) lots and homes to prospective residents and voters who would

18

have second-class voting rights, inferior to residents and voters in Homer Districts 1 and 2.

82.

The Homer Defendants or their Town Attorney, David Syfan, violating the rights of Plaintiffs Banks County Golf and Green Ridge Builders in the recent past concerning a liquor license, the absentee ballots for a liquor license election, bathrooms for the golf course, the building of an office, permits, certificates of occupancy, unequal treatment with other builders in the Town of Homer, delay and failure to adhere to deadlines, roadblocks to a Golf Academy, roadblocks to a storage building, having a custom or policy of issuing 3-day permits under the PCDP zoning ordinance in 7-10 days or later, sewer billing, landscaping and fence disputes, failure to coordinate routine service delivery matters with Banks County relating to these Plaintiffs such as prompt E911 mapping of platted lots, requiring these Plaintiffs to engage counsel to obtain legal and fair treatment on routine matters, reneging on commitments and obligations, threatening fines without affording these Plaintiffs with due process, and otherwise engaging in ultra vires and otherwise wrongful conduct to the detriment of Plaintiffs Banks County Golf and Green Ridge Builders, which operate in and serve the current and prospective residents and voters of Homer District 3.

19

83.

Homer's budget is approximately $400,000 per year. A large portion of Homer's budget is derived from District 3. Defendants' pernicious treatment of District 3 amounts to taxation without representation.

84.

The Homer Defendants have violated Plaintiffs' Constitutional rights, including but not limited to Plaintiffs' Equal Protection, Due Process, and Voting Rights.

85.

Defendants have engaged in conduct which violates for Voting Rights Act of 1965 and other federal statutory rights.

86.

The Individual Plaintiffs are harmed because as residents and voters of the Town of Homer, they are being treated as second-class citizens by Defendants in terms of their voting rights, in comparison with District 1 and District 2 residents and voters.

87.

2020 Ga. Laws 3939 has no compelling governmental interest justifying the two Town Council seats for each of Districts 1 and 2, and only one Town Council seat for District 3.

88.

This scheme is not narrowly tailored to meet that interest.

89.

The Homer Defendants lacks any rational basis or legitimate purpose for distinguishing between voters in in Districts 1 and 2 and voters in District 3.

90.

The Homer Defendants have failed to honor their legal obligation to follow the Equal Protection doctrine of One-Person, One-Vote, that is, the equal weighting of every individual's vote in Homer, Georgia.

91.

The Homer Defendants' actions give rise to claims by the Business Plaintiffs, who seek to sell approximately three hundred (300) homes and lots to District 3 voters.

21

92.

Plaintiffs will promptly notify the United States Department of Justice and the Georgia Attorney General of the filing of this voting rights lawsuit.

## COUNT I – DECLARATORY JUDGMENT

93.

Plaintiffs incorporate the facts above as if fully set forth herein.

94.

2021 municipal elections are approaching in Homer, and Homer's officials have also taken actions to perpetuate the dilution of District 3's representation in redistricting pursuant to the 2020 census.

95.

Plaintiffs have legal rights under the Equal Protection Clause of the United States Constitution and other federal laws, and Defendants have corresponding legal obligations, which are not being honored voluntarily, and the parties are in need of Declaratory Judgment relief by this Court.

96.

Plaintiffs request a Declaratory Judgment from this Court that the dilution of District 3 representation on the Homer Town Council is unconstitutional and

illegal, and must be remedied in a legal manner before Homer's 2021 municipal elections, and redistricting pursuant to the 2020 census.

97.

Plaintiffs request the Court to strike down 2020 Ga. Laws 3939 as unconstitutional and illegal.

## COUNT II – INJUNCTIVE RELIEF

98.

Plaintiffs incorporate the facts above as if fully set forth herein.

99.

Defendants' treatment of District 3 causes irreparable harm.

100.

Plaintiffs have a likelihood of success on the merits.

101.

The balance of hardships weighs in Plaintiffs' favor.

102.

The impact to the public interest weighs in Plaintiffs' favor.

103.

Plaintiffs request temporary, preliminary and permanent injunctive relief against Defendants to restrain the dilution of District 3 representation on the

23

Homer Town Council, in Homer's 2021 municipal elections, and in redistricting pursuant to the 2020 census.

104.

Plaintiffs request the Court to restrain Defendants from implementing or acting in furtherance of 2020 Ga. Laws 3939.

105.

Plaintiffs request the Court to restrain Defendants from making voting changes for the next ten years without this Court's approval, due to the Homer Mayor's arrogant "come back and see us in ten years" comment, and other abuse of power and violation of the law outlined herein.

106.

Plaintiffs request the Court to restrain the Defendants, and Homer Town Attorney David Syfan, from participating in Homer's redistricting based on the 2020 Census, and any remedial election changes in advance of the 2021 Homer municipal elections, based on the violation of District 3 Voters' rights, and instead allow officials answerable to this Court and untainted by past electoral misconduct to correct the Homer Defendants' wrongs, at the Homer Defendants' expense.

24

107.

Plaintiffs seek to require the Homer Defendants to disgorge their salaries paid by Homer taxpayers from January 1, 2020 to the date that Plaintiffs' voting rights are restored and Plaintiffs' attorney's fees and expenses of litigation are paid in full by the Homer Defendants.

## COUNT III – SECTION 1983 CLAIMS

108.

Plaintiffs incorporate the facts above as if fully set forth herein.

109.

The Homer Defendants' actions give rise to claims by Plaintiffs pursuant to 42 U.S.C. § 1983.

110.

Section 1983 provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or

25

omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . ."

111.

Plaintiffs bring this Section 1983 claim to remedy and compensate for the unlawful deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States, and to remedy the violation of Plaintiffs' Equal Protection rights to vote and participate in Homer municipal elections on equal grounds with all other voters in Homer, Georgia, as guaranteed by the United States Constitution and laws.

112.

In its discriminatory actions outlined herein, the Homer Defendants have acted with malice or reckless indifference to the rights of the Plaintiffs, entitling Plaintiffs to an award of punitive damages.

113.

Plaintiffs seek injunctive relief and damages against the Homer Defendants pursuant to 42 U.S.C. § 1983.

# COUNT IV – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

114.

Plaintiffs incorporate the facts as if fully set forth herein.

115.

The Homer Defendants' districting plan contains unjustified population deviations, representation differentiation, and unequal voting strength between Districts 1 and 2, and District 3 in violation of the Fourteenth Amendment of the U. S. Constitution.

116.

The Homer Defendants' districting plan distinguishes between the residents of Districts 1 and 2, and the residents of District 3 by providing less representation to the residents in District 3.

117.

Under the Equal Protection Clause, discrimination in violation of the one-person, one-vote doctrine is presumptively unconstitutional and subject to heightened scrutiny.

27

118.

The Homer Defendants' districting plan discriminates in violation of the one-person, one-vote doctrine.

119.

The Homer Defendants' districting plan is not substantially related to any important governmental interest. Indeed, it is not even rationally related to any legitimate government interest.

120.

The Homer Defendants' discrimination against District 3 residents denies them the equal protection of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment.

## COUNT V – VOTING RIGHTS ACT VIOLATIONS

121.

Plaintiffs incorporate the facts above as if fully set forth herein.

122.

The Homer Defendants' districting scheme has a disparate impact on Plaintiffs who cannot elect a proportional number of candidates of choice to the Town Council because District 3 has less representation on the Town Council despite having more residents that Districts 1 and 2.

123.

To remedy the violations of Plaintiffs' rights as secured by Section 1981, Plaintiffs request that the Court award Plaintiffs the declaratory and injunctive relief and damages sought herein.

**COUNT VI – ATTORNEY'S FEES AND EXPENSES OF LITIGATION**

124.

Plaintiffs incorporate the facts above as if fully set forth herein.

125.

The Homer Defendants' actions give rise to claims by Plaintiffs pursuant to 42 U.S.C. § 1988, and all statutory or other legal grounds for the award of attorney's fees and expenses of litigation.

126.

Section 1988 provides as follows in pertinent part:

(b) Attorney's fees

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the court, in its discretion, may allow the prevailing

29

party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

(c) Expert fees

In awarding an attorney's fee under subsection (b) in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

127.

Plaintiffs seek attorney's fees and expenses of litigation against the Homer Defendants pursuant to 42 U.S.C. § 1988, all statutory or other legal grounds for the award of attorney's fees and expenses of litigation.

128.

Plaintiffs reserve the right to seek to amend their Complaint to add additional claims, and/or parties, based on any additional wrongful conduct by Defendants or others, and in light of further investigation and discovery.

30

129.

Plaintiffs request a hearing in time to remedy Defendants' violations of Plaintiffs' rights before the 2021 municipal elections in Homer, and redistricting pursuant to the 2020 census.

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)  Declaratory Judgment against Defendants;

(b)  Injunctive relief against Defendants to restrain the dilution of District 3 representation on the Homer Town Council, in Homer's 2021 municipal elections, and redistricting pursuant to the 2020 census;

(c)  Injunctive relief and damages against the Homer Defendants pursuant to 42 U.S.C. § 1983, the Equal Protection Clause of the U.S. Constitution and the Voting Rights Act;

(d)  Prejudgment and post-judgment interest against the Homer Defendants;

(e)  Judgment against the Homer Defendants for attorney's fees, expenses of litigation, and court costs incurred by Plaintiffs in prosecuting this action pursuant to 42 U.S.C. § 1988 and all legal grounds for the award of attorney's fees and expenses of litigation; and

(f)  Such other and further relief as this Court deems just and proper.

This 8th day of April 2021.

Respectfully submitted,

ANDERSEN, TATE & CARR, P.C.

/s/ R. Matthew Reeves

R. Matthew Reeves
State Bar No. 598808
mreeves@atclawfirm.com
Jaletta L. Smith
State Bar No. 627518
jsmith@atclawfirm.com
Elizabeth Clack-Freeman
State Bar No. 126888
lcfreeman@atclawfirm.com
Alexander A. Caskey
State Bar No. 435370
acaskey@atclawfirm.com
Hayley Nicolich
State Bar No. 972193
hnicolich@atclawfirm.com
Attorneys for Plaintiffs

One Sugarloaf Centre
1960 Satellite Blvd, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Fax:   (770) 236-9778
4097400_1.docx